No. DA 06-0044

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 335N

MARTIN MICHELSEN,

      Plaintiff and Appellant,

    v.

ROBERT J. SEIM,

      Defendant and Respondent.

APPEAL FROM:    The District Court of the Eleventh Judicial District,
                 In and For the County of Flathead, Cause No. DV 04-498(B),
                 Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           William L. Managhan and Santana Kortum-Managhan,
           Managhan & Kortum-Managhan Law Firm, PLLC, Kalispell, Montana

      For Respondent:

           Peter J. Stokstad, Robert C. Lukes and Malin Stearns Johnson,
           Garlington, Lohn & Robinson, PLLP, Missoula, Montana

Submitted on Briefs: October 4, 2006

Decided: December 19, 2006

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Martin Michelsen (Michelsen) appeals from the order of the Eleventh Judicial District Court, Flathead County, granting summary judgment to defendant on plaintiff's claim for spoliation of evidence. We affirm.

¶3 This case arises out of the underlying case of *Michelsen v. Hartford Underwriters Ins. Co.*, Flathead County, No. DV-03-117(A), which concerned a car accident that occurred on February 22, 2002. Hartford secured from Michelsen copies of his various medical records and then engaged the services of Defendant Robert J. Seim (Dr. Seim) to conduct an Independent Medical Review (IME). Dr. Seim reviewed the records and gave Hartford an opinion as to the nature, extent, and cause of Plaintiff's injuries. However, Dr. Seim failed to retain the records he reviewed. Prior to the trial in the underlying case, Michelsen settled his claims against Hartford, but after settling his claims, Michelsen initiated this action against Dr. Seim alleging intentional and negligent spoliation of evidence by Dr Seim.

¶4 Following briefing and oral argument in this action, the District Court granted summary judgment in favor of Dr. Seim. The District Court found that pursuant to

2

*Oliver v. Stimson Lumber Co.*, 297 Mont. 336, 993 P.2d 11 (1999), Dr. Seim had no duty to preserve the records and that no special relationship existed that gave rise to a duty preventing an IME doctor from destroying the IME file. The District Court also found that Michelsen failed to present "substantial and material evidence" that Dr. Seim's alleged destruction of his file caused Michelsen damage and that Michelsen could not present sufficient evidence of causation of damages, because Michelsen chose to settle rather than take his personal injury claim to trial.

¶5 We review a grant of summary judgment de novo. *Grimsrud v. Hagel*, 2005 MT 194, ¶ 14, 328 Mont. 142, ¶ 14, 119 P.3d 47, ¶ 14 (citation omitted). "Our evaluation is the same as that of the trial court." *Grimsrud*, ¶ 14. "[T]he moving party must establish both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Grimsrud*, ¶ 14. "If this is accomplished, 'the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist.'" *Grimsrud*, ¶ 14 (citation omitted). "If the court determines that no genuine issues of fact exist, 'the court must then determine whether the moving party is entitled to judgment as a matter of law.'" *Grimsrud*, ¶ 14 (citation omitted).

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit; the District Court's grant of summary judgment for the Defendant was appropriate as he proved the absence of genuine issues of material fact and that he was entitled to judgment as a matter of law.

3

¶7     We affirm the judgment of the District Court.


                                              /S/ JIM RICE



We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS